# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HONEYCUTT,<br><br>                  Plaintiff,<br><br>vs.<br><br><br><br>LA-MESA COUNSELING-DVTP; MARK GUYNN<br><br>                  Defendants. | CASE NO. 12-cv-02015-GPC-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND;**<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM, OR ALTERNATIVELY MOTION FOR A MORE DEFINITIVE STATEMENT;**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[Doc. Nos. 8, 9 & 11] |

On August 14, 2012, Plaintiff Chris Honeycutt, proceeding *pro se* and *in forma pauperis*, filed a complaint against defendants La Mesa Counseling-DVTP and Mark Guynn, (Defendants) alleging a violation under the Americans with Disabilities Act, assault, libel, slander and medical malpractice. On September 6, 2012 Defendants were served with the complaint. On September 11, 2012, Plaintiff requested the Court for leave to amend the complaint to add other civil rights violations. On September 26, 2012, Defendants moved to dismiss the complaint, or in the alternative, for a more definite statement. On October 29, 2012, filed a motion to appoint counsel. Based on the reasoning

below, the Court GRANTS Plaintiff's motion for leave to amend complaint, DENIES Defendants' motion to dismiss, and DENIES Plaintiff's motion to appoint counsel.

## Discussion

### I.

### Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. *See* Fed. R. Civ. P. 15. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A).

Plaintiff moves for leave to amend his complaint to add new causes of action within the 21 day period required by Rule 15. Accordingly, the Court GRANTS Plaintiff's motion for leave to amend the complaint.

### II.

### Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim,
### or Alternatively Motion for a More Definite Statement

Since the Court has granted Plaintiff's motion for leave to amend the complaint, Plaintiff's amended complaint will replace and supercede his original complaint. Defendants' motion is moot because it only addresses the original complaint. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim.

### III.

### Motion to Appoint Counsel

Plaintiff originally filed a motion to appoint counsel on August 14, 2012. The motion was denied on August 15, 2012. Plaintiff filed a motion to appoint counsel again on October 29, 2012. Since this is a second filing of a previously denied motion, the Court construes his request as a motion for reconsideration.

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th

1  Cir. 1993).  In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must
2  include an affidavit or certified statement of a party or attorney "setting forth the material facts and
3  circumstances surrounding each prior application, including inter alia: (1) when and to what judge the
4  application was made, (2) what ruling or decision or order was made thereon, and (3) what new and
5  different facts and circumstances are claimed to exist which did not exist, or were not shown upon
6  such prior application."  Local Civ. R. 7.1(i)(1).

7  Here, Plaintiff has not provided the Court with newly discovered evidence, has not
8  demonstrated clear error or manifest injustice, and has not indicated that there has been an intervening
9  change in controlling law.  *See School Dist. No. 1J.*, 5 F.3d at 163.  Accordingly, the Court DENIES
10 Plaintiff's motion to appoint counsel.

**Conclusion**

12 For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend complaint.
13 Plaintiff shall file an amended complaint no later than forty five (45) days from the date of this Order.
14 Plaintiff should note that all claims alleged in the original complaint that are not asserted in the
15 amended complaint will be considered waived.  *See King v. Atiytah*, 814 F.2d 565, 567 (9th Cir. 1987).
16 The Court DENIES  Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim
17 as moot.  The Court also DENIES Plaintiff's motion to appoint counsel.

**IT IS SO ORDERED.**

20 DATED:  November 15, 2012

_____
HON. GONZALO P. CURIEL
United States District Judge